UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENA LATIF, | ) |
| *Plaintiff,* | ) )  ) |
| vs. | ) 1:23-cv-00933-JMS-CSW ) ) |
| UAW LOCAL 685, | ) ) |
| *Defendant.* | ) ) |

## ORDER

Plaintiff Jena Latif initiated this litigation against Defendant UAW Local 685 on May 28, 2023. [Filing No. 1.] Since then essentially nothing has happened in the case, so on June 3, 3024 the Court ordered Ms. Latif to show cause why the case should not be dismissed for lack of prosecution. [Filing No. 10.] The Court noted that Ms. Latif had not provided any proof that she had properly served UAW Local 685. [Filing No. 10.] On June 10, 2024, Ms. Latif filed an Affidavit of Service, [Filing No. 11], a Motion for Default Judgment, [Filing No. 12], and a Response to the Court's Rule to Show Cause, [Filing No. 13]. The Court **DISCHARGES** the Order to Show Cause, [Filing No. 10], however there are several issues with Ms. Latif's filings.

### I.
### SERVICE-RELATED DOCUMENTS

First, Ms. Latif's Affidavit of Service does not indicate that she has properly served UAW Local 685. Her counsel attests in the Affidavit that she mailed the Complaint, Summons, Civil Cover Sheet, and her appearance to:

UAW LOCAL 685
929 E HOFFER STREET
KOKOMO, IN 46902

1

[Filing No. 11.] Ms. Latif's counsel further states that the documents were mailed using a United Parcel Service tracking number and that "[a]ccording to the tracking information, the pleadings were received by the Defendant on January 25, 2024." [Filing No. 11.] The tracking information attached to counsel's Affidavit reflects that the documents were sent to "UAW LOCAL 685" at the address contained in counsel's Affidavit, were delivered on January 25, 2024, and were "received by PAINTER." [Filing No. 11-1.]

29 U.S.C. § 185(d) addresses service of process on labor organizations like UAW Local 685, and provides:

> The service of summons, subp[o]ena, or other legal process of any court of the United States upon an officer or agent of a labor organization, in his capacity as such, shall constitute service upon the labor organization.

Ms. Latif's counsel's Affidavit of Service does not indicate who "Painter" is and whether he or she is an officer or agent of UAW Local 685. Accordingly, the Affidavit of Service is insufficient to establish proper service on UAW Local 685.

## II.
### MOTION FOR DEFAULT JUDGMENT

In her Motion for Default Judgment, Ms. Latif requests the entry of default judgment against UAW Local 685 "in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure." [Filing No. 12.] Because Ms. Latif has not shown that she has properly served UAW Local 658, her Motion for Default Judgment is **DENIED**. [Filing No. 12.]

Even if Ms. Latif had shown that she has properly served UAW Local 685, her Motion for Default Judgment would be denied for a different reason. Default is a "two-step process" that is "clearly outlined" in Rule 55 of the Federal Rules of Civil Procedure, with subpart (a) outlining the entry of default and subpart (b) outlining the entry of default judgment. *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016); *see also* 10A Charles Alan

Wright, Arthur R. Miller, et al., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2682 (2018) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Here, Ms. Latif has filed a Motion for Default Judgment without first obtaining a Clerk's entry of default against UAW Local 685. Accordingly, Ms. Latif's Motion for Default Judgment, [Filing No. 12], is **DENIED** for the additional reason that she has not satisfied the first step of Rule 55 by first obtaining entry of default.

### III.
### SERVICE OF COURT FILINGS

Ms. Latif's counsel is cautioned that she must ensure that UAW Local 685 is being properly served with filings in this case, including the Motion for Default Judgment. The Certificate of Service on the Motion for Default Judgment states that it was served "on Defendant's registered agent via Certified Mail," [Filing No. 12 at 2], but UAW Local 685 does not have a registered agent on the Indiana Secretary of State's website and if it did, it is not clear why Ms. Latif did not serve her Complaint and Summons on that registered agent. Further, Ms. Latif's Response to the Court's Rule to Show Cause contains a Certificate of Service that states "I hereby certify that a copy of the foregoing has been forwarded to the below address via U.S. Certified Mail," but then does not list a "below address." [*See* Filing No. 13 at 2.] Additionally, the Affidavit of Service does not contain any information regarding service on UAW Local 685. [*See* Filing No. 11.] Ms. Latif's apparent failure to serve her filings on UAW Local 685 is particularly concerning given that she has sought default judgment. Counsel is cautioned that future filings that do not indicate that those filings were properly served on UAW Local 685 will not be considered.

## IV.
### Conclusion

Ms. Latif has not provided proof that she has properly served UAW Local 685 under 29 U.S.C. § 185(d).  The Court **ORDERS** Ms. Latif to file sufficient proof of service by **June 28, 2024**.  Failure to do so will result in the dismissal of this case without prejudice.  Further, Ms. Latif's Motion for Default Judgment, [12], is **DENIED**.  Ms. Latif must follow the two-step process that is clearly outlined in Fed. R. Civ. P. 55 should she seek to obtain a default judgment against UAW Local 685 in the future, and must also ensure that all filings are properly served on UAW Local 685.

Date: 6/13/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

UAW Local 685
929 E. Hoffer St.
Kokomo, IN 46902